UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TITO ACE THOMAS,<br><br>  Petitioner,<br><br>v.<br><br>THE PEOPLE OF THE STATE OF CALIFORNIA,<br><br>  Respondent. | Case No. CV 18-09415 JLS (RAO)<br><br>MEMORANDUM AND ORDER RE SUMMARY DISMISSAL OF PETITION FOR WRIT OF HABEAS CORPUS AND DENIAL OF CERTIFICATE OF APPEALABILITY |

## I. **BACKGROUND**

On November 5, 2018, Petitioner Tito Ace Thomas ("Petitioner") filed a Petition for Writ of Habeas Corpus ("Petition"). (Dkt. No. 1.) Petitioner's claims arise from his December 13, 2016 plea of nolo contendere in Los Angeles County Superior Court to second degree robbery and assault by any means of force likely to produce great bodily injury. (*See id.* at 2.) The trial court sentenced Petitioner to 364 days in jail followed by a five-year term of probation and also ordered him to pay a fine. (*See id.*)

The Petition asserts five grounds for relief. First, Petitioner contends that the Los Angeles County Sheriff fabricated and planted evidence and fabricated a witness who was not actually present. (*Id.* at 5.) Second, Petitioner contends that he was

denied a response to his subpoena for production of evidence for his hearings and trial. (*Id.*) Third, Petitioner contends that National University never responded to his subpoena for production of evidence for his hearings and trial. (*Id.* at 6.) Fourth, Petitioner contends that the Los Angeles District Attorney and the prosecuting deputy district attorney stated on December 13, 2016, that there was a video, and they then produced it in front of an attorney. (*Id.*) Fifth, Petitioner contends that evidence, such as a video from the sheriff's station, was destroyed or concealed. (*Id.*) Petitioner also notes that National University is willing to come to court to tell the truth about where people were on June 21, 2016. (*See id.*)

The Court issued a screening order on November 9, 2018. (Dkt. No. 5.) The Court observed that Petitioner did not appear to have presented his claims to the California Supreme Court, making his claims unexhausted. (*Id.* at 2.) The Court directed Petitioner to submit a response by December 9, 2018, addressing the issue of exhaustion. (*Id.* at 4.)

On December 7, 2018, Petitioner submitted to the Court a notice stating that he filed his "case" in the California Supreme Court on or about June 13, 2018, and the petition for review was denied on the same date. (Dkt. No. 6.) Petitioner also lists three cases in his notice: *People v. Thomas*, No. B283735; *In re Tito Thomas on Habeas Corpus*, No. B288214; and *In re Tito Ace Thomas on Habeas Corpus*, No. B290196. Petitioner attaches to his notice a copy of the June 13, 2018 California Supreme Court order denying review. Petitioner also attaches an August 30, 2018 letter from the office of Governor Jerry Brown, which informs Petitioner that the Governor's Office is unable to assist him with the issues that he discussed in his letters and phone conversations.

## II. **DISCUSSION**

A state prisoner must exhaust his state court remedies before a federal court may consider granting habeas corpus relief. 28 U.S.C. § 2254(b)(1)(A); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842, 119 S. Ct. 1728, 144 L. Ed. 2d. 1 (1999). To satisfy

the exhaustion requirement, a habeas petitioner must fairly present his federal claims in the state courts in order to give the State the opportunity to pass upon and correct alleged violations of the prisoner's federal rights. *Duncan v. Henry*, 513 U.S. 364, 365, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995) (per curiam). A habeas petitioner must present his claims to the highest state court with jurisdiction to consider it or demonstrate that no state remedy remains available. *Peterson v. Lampert*, 319 F.3d 1153, 1156 (9th Cir. 2003) (en banc).

Under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court may dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." The "Ninth Circuit has held that a federal court may raise the failure to exhaust issue *sua sponte* and may summarily dismiss on that ground." *White v. Paramo*, Case No. CV 16-03531-ODW (KES), 2016 WL 3034669, at *2 (C.D. Cal. May 27, 2016) (citing *Granberry v. Greer*, 481 U.S. 129, 134-35, 107 S. Ct. 1671, 95 L. Ed. 2d 119 (1987); *Stone v. San Francisco*, 968 F.2d 850, 856 (9th Cir. 1992); *Cartwright v. Cupp*, 650 F.2d 1103, 1104 (9th Cir. 1982) (per curiam)) (dismissing petition for failure to exhaust state remedies with respect to sole claim for relief).

As the Court noted in its screening order, Petitioner appears not to have presented the claims in his Petition to the California Supreme Court. (*See* Dkt. No. 5 at 2.) The screening order directed Petitioner to address whether he had, in fact, exhausted his state remedies. (*Id.*) In response, Petitioner cites to three state court cases and attaches a copy of the California Supreme Court's denial of a petition for review related to one of these cases. A review of the state court public records for these three cases fails to demonstrate exhaustion of the claims in the Petition.

    a.    <u>Petitioner's Direct Appeal of His Sentence</u>

Petitioner filed an appeal with the California Court of Appeal, challenging the sentence imposed by the trial court, specifically the terms and conditions of his probation and the imposition of fines and assessments. *See People v. Thomas*, No.

B283735 (Apr. 2, 2018). The appellate court generally upheld the trial court's sentence, with certain modifications ordered. *Id*. Petitioner filed a petition for review with the California Supreme Court, which was denied on June 13, 2018. *See People v. Thomas*, No. S248385 (June 13, 2018).

None of the claims raised in the instant Petition were presented in Petitioner's direct appeal of his sentence, and thus the claims were not exhausted through these state court proceedings.

      b.      Petitioner's State Habeas Petitions

While his direct appeal was pending, Petitioner filed a habeas petition with the California Court of Appeal on November 16, 2017. *See In re Tito Ace Thomas on Habeas Corpus*, No. B286332 (Nov. 30, 2017). The appellate court denied the petition on November 30, 2017, stating, "Petitioner's appellate counsel has exclusive control as to which issues are raised on a direct appeal and in a collateral habeas corpus petition." *Id*. The California Supreme Court subsequently denied Petitioner's petition for review on January 17, 2018. *See Thomas (Tito Ace) on H.C.*, No. S245919 (Jan. 17, 2018).

Petitioner later filed two more state habeas petitions with the California Court of Appeal, both of which were denied. *See In re Tito Thomas on Habeas Corpus*, No. B288214 (Feb. 22, 2018); *In re Tito Ace Thomas on Habeas Corpus*, No. B290196 (May 31, 2018). The records of the California Supreme Court do not reflect any additional petitions filed by Petitioner.

Thus, the only state habeas petition to have reached the California Supreme Court was the petition filed in *In Thomas (Tito Ace) on H.C.*, No. S245919. With respect to this petition, Petitioner has not provided any facts or argument demonstrating that this state petition exhausted the claims in the instant Petition. Moreover, the Court's review of the available limited public records provides no indication that the claims have been exhausted. Accordingly, it appears that the Petition is subject to summary dismissal for failure to exhaust.

  c. <u>Excusal of the Exhaustion Requirement</u>

Although the exhaustion requirement may be excused under limited circumstances, *see* 28 U.S.C. § 2254(b)(1)(B)(i)-(ii), Petitioner has not provided any reasons why he should be excused from exhausting his claims. In light of his apparent failure to exhaust the claims in the Petition, and no discernible excuse having been offered for not exhausting, summary dismissal of this action is appropriate.

Dismissal of the Petition is without prejudice to Petitioner's later pursuing habeas relief in federal court upon exhausting available remedies in the state courts.

### III. CERTIFICATE OF APPEALABILITY

Under the Antiterrorism and Effective Death Penalty Act of 1996, a state prisoner seeking to appeal a district court's final order in a habeas corpus proceeding must obtain a Certificate of Appealability ("COA") from the district judge or a circuit judge. 28 U.S.C. § 2253(c)(1)(A). A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327, 123 S. Ct. 1029, 154 L. Ed. 2d 931 (2003).

When the Court dismisses a petition on procedural grounds, it must issue a COA if the petitioner shows: (1) "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right"; and (2) "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 478, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000).

Here, the Court is summarily dismissing the instant Petition without prejudice because the Court has determined that Petitioner has failed to exhaust his habeas

claims in state court. The Court finds that Petitioner cannot make the requisite showing that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

## IV. ORDER

Based on the foregoing, IT IS ORDERED THAT:

1. The Petition is **DISMISSED** without prejudice; and
2. A Certificate of Appealability is **DENIED**.

DATED: December 21, 2018

_____
JOSEPHINE L. STATON
UNITED STATES DISTRICT JUDGE

Presented by:

_____
ROZELLA A. OLIVER
UNITED STATES MAGISTRATE JUDGE